**DeLuca et ux. v. City Stores et al.**

*Gerald A. Inglesby,* for plaintiffs.
*John W. Walter,* for defendant.

BRADLEY, *J.,* December 2, 1974—The above named case is before the court for disposition of defendant Delaware Valley Elevator Company's motion to compel medical examination of plaintiff Carrie DeLuca. The only opposition to the motion is to the selection by defendant of Martin A. Blaker, M.D., as the examining physician.

Two grounds are advanced in support of plaintiff's opposition to Dr. Blaker: (1) that an appearance of impropriety is suggested by the (alleged) fact that counsel for defendant is a member of the law office which also represents Dr. Blaker; and (2) that as a "matter of record" Dr. Blaker has subjected examinees on prior occasions to indignities, physical abuse, and unnecessary pain.

The suggested impropriety is supported only by a general reference to American Bar Association Code of Professional Responsibility. No facts are alleged which suggest any impropriety and none appears from the mere fact that the same law office represents both the proffered physician and one of the parties to this action. If the suggestion is that the doctor is or may be biased, the remedy is for plaintiff to impeach the doctor's testimony at trial and not to prevent counsel from seeking medical testimony from physicians with whom he is acquainted.

The second ground is not supported by any allegation of abuse or impropriety involving this plaintiff or her counsel. We are not bound to conclude from

the ruling of the Court of Common Pleas of Montgomery County in one case (Bennett v. Clark Equipment Company, 54 D. & C. 2d 207 (1971), reproduced in plaintiff's answer to motion as exhibit C) that this physician is unqualified to conduct the examination or too biased to testify. Here again, the remedy for plaintiff is to seek to impeach the doctor's testimony if grounds for so doing are thought to exist. In addition, where there has been no showing of prior contact between the doctor and this plaintiff or her counsel, there are no grounds for assuming that anything untoward will occur or that plaintiff cannot be adequately protected against that eventuality by the presence of her lawyer or a physician of her choosing at the time of the examination.

Under such circumstances, no sufficient reason exists to justify interfering with the choice of physicians made by defendant, and the following order will be entered.

## ORDER

And now, December 2, 1974, plaintiff, Carrie DeLuca, is directed to appear and submit to a physical examination by Martin A. Blaker, M.D., at 1930 Chestnut Street, Philadelphia, Pa., 19103, within 60 days of the date of service of this order. The examination shall include such procedures as are reasonably related to inquiry into the conditions which are in controversy in this action. Plaintiff may be accompanied by counsel or a physician of her choosing.

In the event that plaintiff fails to comply with this order, defendants may apply to the court for appropriate sanctions under Pa. R.C.P. 4019.